Ruffin, J.
delivered the opinion of the Couft s
Since this cause was decided in this Court (Jan. lélf) the Complainant has amended his bill, by charging that the Defendants transport many persons and much property at their ferry for pay; as to the particulars dr *258 amount of which he is unable to procure proof. He has also appended to his bill, the orders of the County Court of Rowan, by which his ferries were appointed and settled many years ago. The bill then prays a discovery, an account since the commencement of his suit at law, mentioned in his original bilí, and an injunction.—To this amended bill, the Defendants appeared and put in a demurrer. Whereupon, the Court, on motion, awarded the injunction ill further order oí the Court ; and, upon argument of the demurrer, overruled it, and ordered the Pefendants to answer.—From those orders and decrees, there is an appeal to this Court,
The case certainly stands upon different grounds, in many respects, from what it formerly did. The Complainant has now amended hds title, and thereby shewn that he has the exclusive right to a ferry, which the Defendants have violated, in direct opposition to the provisions of the acts of Assembly of 1764, c. .3, s. 4, and 1787, c. 16, s. 1. The Defendants have appeared and demurred, by which they admit all the allegations of fact made in the bill to be true. It is nevertheless contended, that this Court ought not to interfere, because the Complainant has relief at law, and may make himself whole for the injury sustained in damages. A plain answer to that objection is, that it is exprsssly charged in the bill, and admitted by the demurrer, that the Complainant is unable to procure proof, so as to proceed at law; and therefore this Court must entertain this bill, upon the common ground that there is no adequate relief to be obtained elsewhere. This consideration alone is sufficient to warrant the injunction, without adverting to the propriety of protecting the owner of a clear, legal, exclusive right, in the enjoyment of it, against such violations of it as may be repeated every hour in the day, and continued lor years to come ; and without calling to the Complainant’s aid the ordinary rule which governs a Court of Equity, of assuming jurisdiction to avoid a multiplicity of suits.
*259 We are, therefore, unanimously of opinion, that the injunction issue, as ordered below, and that thé decree tie ailirmed in toto.